United States District Court
Southern District of Texas
**ENTERED**
August 30, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)**

SARAH COPLAND, individually and on
behalf of THE ESTATE OF ISAAC SIDNEY
OEHLERS, *et al.*,

     *Plaintiffs,*

v.

TGS ASA and TGS–NOPEC GEOPHYSICAL
CO.,

     *Defendants.*

Case No. 4:22-CV-03572

Honorable Kenneth M. Hoyt

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER REQUEST)
BY THE UNITED STATES DISTRICT COURT FOR THE
<u>SOUTHERN DISTRICT OF TEXAS</u>**

**TO THE HIGH COURT OF ENGLAND AND WALES:**

The United States District Court for the Southern District of Texas presents its compliments

to the High Court of England and Wales and requests international judicial assistance for the

production of documents from David Rowlands as set forth in Schedule A attached and sworn

testimony from Mr. Rowlands concerning the topics set forth in Schedule B.

This request is made pursuant to the Hague Convention of 18 March 1970 on the Taking

of Evidence Abroad in Civil or Commercial Matters, as adopted and implemented at 28 U.S.C.

§ 1781 and the Evidence (Proceeding in Other Jurisdictions) Act 1975 c. 34. This Court, the

United States District Court for the Southern District of Texas, Houston Division, is a competent

court of law and equity that has asserted jurisdiction over this proceeding and has the power to

compel the attendance of witnesses and production of documents both within and outside its

jurisdiction.

The documents requested and witness testimony requested from Mr. Rowlands are

intended for use at trial and will be highly relevant to numerous claims in the case. The documents

and witness testimony sought herein will be relevant to Plaintiffs' Sarah Copland, individually and

on behalf of the Estate of Isaac Sidney Oehlers, *et al.* (collectively, the "Plaintiffs"), claims under

certain legal theories for wrongful death, physical harm, and property damage, as against

Defendants TGS ASA and TGS–NOPEC Geophysical Services Co. (collectively, "Defendants" or

"TGS") resulting from a massive explosion of ammonium nitrate in the Port of Beirut, Lebanon

on or about August 4, 2020 (the "Beirut Blast").

More specifically, one of Plaintiffs' central allegations is that Spectrum ASA and its

subsidiary Spectrum Geo. Ltd. (collectively, "Spectrum") chartered the ship (the *MV Rhosus*)

carrying the ammonium nitrate that would later serve as the catalyst for the Beirut Blast, killing

2

hundreds (including loved ones of Plaintiffs) and wreaking untold havoc across the city. The *Rhosus* was ostensibly chartered in connection with a contract negotiated between David Rowlands on behalf of Spectrum and the Lebanese Ministry of Energy and Water. (TGS later acquired Spectrum, assuming its liabilities.) Documents in Mr. Rowlands's possession, as well as his sworn testimony, are critical evidence.

This Court understands that the approach of the English courts may be more restrictive than that of this Court regarding requests for evidence from a third party, and on this basis is of the view that the documents and witness testimony sought in this Letter of Request go to the heart of significant issues of fact and law that will influence the final determination (at trial and/or by motion) of the existence, nonexistence, and/or extent of any liability under the laws of the United States and/or the Republic of Lebanon.

This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in England. In the proper exercise of its authority, this Court has determined that the documents described in Schedule A and the testimony sought in Schedule B cannot be secured except by the intervention of the High Court in England and Wales.

## Letter of Request

The following Letter of Request follows the model form presented by the Model Request

for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the

Taking of Evidence Abroad in Civil or Commercial Matters.

### 1. Sender

The Honorable Kenneth M. Hoyt
United States District Judge
United States District Court for the Southern District of Texas, Houston Division
515 Rusk Avenue
Houston, Texas 77002
USA

### 2. Central Authority of the Requested State

The Senior Master
For the attention of the Foreign Process Section
Room E16
Royal Courts of Justice
Strand
LONDON WC2A 2LL
+44 207 947 7772
foreignprocess.rcj@justice.gov.uk

### 3. Person to Whom the Executed Request is to be Returned

Matthew Aaron Ford
Ford O'Brien Landy LLP
3700 Ranch Road 620 South
Suite B
Austin, TX 78738
New York, New York 10016
Telephone: (212) 858-0040
Facsimile: (212) 256-1047

### 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

As soon as reasonably practicable consistent with the High Court's calendar.

5. **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

a. **Requesting judicial authority (Article 3, a)**

United States District Court for the Southern District of Texas
Houston Division
515 Rusk Avenue
Houston, Texas 77002
USA

b. **To the competent authority of (Article 3, a)**

England, United Kingdom

c. **Name of the case and any identifying number**

*Copland, et al. v. TGS ASA, et al.*, Case No. 4:22-cv-03572 (S.D. Tex.)

6. **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b)**

a. **Plaintiffs**

Sarah Copland
c/o Matthew Aaron Ford
3700 Ranch Road 620 South
Suite B
Austin, TX 78738

Mary Deville Cochrane
c/o Matthew Aaron Ford
3700 Ranch Road 620 South
Suite B
Austin, TX 78738

Tania Daou
c/o Matthew Aaron Ford
3700 Ranch Road 620 South
Suite B
Austin, TX 78738

2

3

Cedric Ellis Alam
c/o Matthew Aaron Ford
3700 Ranch Road 620 South
Suite B
Austin, TX 78738

Yann Victor Alam
c/o Matthew Aaron Ford
3700 Ranch Road 620 South
Suite B
Austin, TX 78738

Fouad Debs
c/o Matthew Aaron Ford
3700 Ranch Road 620 South
Suite B
Austin, TX 78738

George Cortas
c/o Matthew Aaron Ford
3700 Ranch Road 620 South
Suite B
Austin, TX 78738

Georges Juvelekian
c/o Matthew Aaron Ford
3700 Ranch Road 620 South
Suite B
Austin, TX 78738

Asya El-Meehy
c/o Matthew Aaron Ford
3700 Ranch Road 620 South
Suite B
Austin, TX 78738

**Representatives**

FORD O'BRIEN LANDY LLP

Matthew Aaron Ford
3700 Ranch Road 620 South
Suite B
Austin, TX 78738

3

Stephen R. Halpin III
275 Madison Avenue, 24th Floor
New York, New York 10016

Telephone: (212) 858-0040
Facsimile: (212) 256-1047

mford@fordobrien.com
shalpin@fordobrien.com

## b. Defendants

TGS ASA
Askekroken 11
Oslo, 0277
Norway

TGS–NOPEC Geophysical Co.
10451 Clay Road
Houston, Texas 77041
USA

## Representatives

NORTON ROSE FULBRIGHT US LLP

Kevin W. Yankowsky
Melanie B. Rother
Darryl W. Anderson
1301 McKinney, Suite 1500
Houston, Texas 77010

Telephone: (713) 651-5151
Facsimile: (713) 651-5246

kevin.yankowsky@nortonrosefulbright.com
melanie.rother@nortonrosefulbright.com
darryl.anderson@nortonrosefulbright.com

## c. Other Parties

None.

7. **Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c)**

Civil lawsuit alleging: strict liability resulting in wrongful death; strict liability resulting in property damage; strict liability resulting in personal injury; negligence resulting in wrongful death; negligence resulting in property damage; negligence resulting in personal injury; survival action; violation of various Lebanese and other applicable laws and regulations.

a. **Summary of complaint**

On July 11, 2022, Plaintiffs Sarah Copland, individually and on behalf of the Estate of Isaac Sidney Oehlers, *et al.* (collectively, the "Plaintiffs"), filed a lawsuit in Texas against TGS ASA and TGS–NOPEC Geophysical Services Co. (collectively, "Defendants" or "TGS"). Plaintiffs allege that Defendants are ultimately responsible under several legal theories for the wrongful death, physical harm, and property damage sustained by Plaintiffs and their loved ones as a result of an explosion of ammonium nitrate at the Port of Beirut, Lebanon, on or about August 4, 2020 (the "Beirut Blast" or the "explosion"). Ms. Copland and the other Plaintiffs have suffered unspeakable physical and emotional damage as a result of the explosion.

In the year prior to the Beirut Blast, TGS—whose global operational headquarters are in Houston, Texas, USA—acquired a seismic-surveying company headquartered in Norway (formerly Spectrum ASA or "Spectrum"), including its subsidiary Spectrum Geo Ltd.—a company registered in England and Wales and with its principal place of business in the United Kingdom—assuming its assets and liabilities. Plaintiffs allege that Spectrum (and/or its agents in Lebanon) was responsible for chartering an unseaworthy vessel loaded with ammonium nitrate (the *Rhosus*), whose payload would later serve as the catalyst for the explosion that caused the death and destruction visited upon Plaintiffs and Beirut more broadly. Spectrum chartered this vessel

5

ostensibly pursuant to an agreement with the Lebanese Energy Ministry.  At the time in question, David Rowlands, a British citizen who is currently resident in England (address details below), was employed by the English-registered Spectrum Geo Ltd. and was the appropriate employee or officer of Spectrum Geo Ltd. "[r]esponsible for identifying, securing and promoting contracts for Multi-Client surveys in the Middle East and Mediterranean," according to his public LinkedIn profile.  Mr. Rowlands thus undoubtedly possesses within the United Kingdom documents, information, and knowledge relevant to Plaintiffs' claims.

### b.  Summary of defenses and counterclaims

In Texas state court proceedings, TGS–NOPEC asserted a general denial of all allegations asserted by Plaintiffs.  After the case was removed to Texas federal court, TGS moved to dismiss the allegations as a matter of law but did not otherwise answer Plaintiffs' claims or assert any defenses.

### c.  Other necessary information or documents

In support of this Letter of Request, Plaintiffs attach a copy of the operative complaint, which is the Original Petition, filed by Plaintiffs against Defendants, as Exhibit A.

## 8.  Evidence to be obtained or other judicial acts to be performed (Article 3, d)

Documents in the possession, custody, or control of David Rowlands for use in the trial of the action of *Copland, et al. v. TGS ASA, et al.*, Case No. 4:22-cv-03572 (S.D. Tex.), as described in Schedule A, as well as testimony from Mr. Rowlands in connection with the same, as described in Schedule B.

## 9.  Purpose of the evidence or judicial act sought

Plaintiffs seek documentary and testimonial evidence from Mr. Rowlands as described in Schedules A and B.  This evidence is relevant to the merits of Plaintiffs' claims, potentially the

6

merits of any defenses asserted by TGS, and the alleged damages Plaintiffs have suffered—all

issues that will likely be presented by the parties at trial.  In sum, the evidence sought in this Letter

of Request goes to the heart of significant issues of fact and law that will inform the existence or

nonexistence of Defendants' liability and damages owed to Plaintiffs.

**10. Identity and address of any person to be examined (Article 3, e)**

> David Rowlands
> Fiscal House
> 367 London Road, Camberley, GU15 3HQ

**11. Questions to be put to the persons to be examined or statement of the subject-matter**

**about which they are to be examined (Article 3, f)**

> See Schedule A, attached.

**12. Documents or other property to be inspected**

> See Schedule B, attached.

**13. Any requirement that the evidence be given on oath or affirmation and any special**

**form to be used (Article 3, h)**

> Plaintiffs request that Mr. Rowlands's oral testimony be given under oath and according
>
> with the U.S. Federal Rules of Evidence and Civil Procedure.

**14. Special methods or procedure to be followed (e.g., oral or in writing, verbatim,**

**transcript or summary, cross-examination, etc.) (Article 3, i, and 9)**

The particular documents requested in Schedule A exist and are, or are likely to be, in the

possession, custody, or control of David Rowlands, are relevant to the claims and defenses of the

proceedings before this Court and may not be obtained except from Mr. Rowlands directly.

Therefore, it will further the interests of justice if:

7

(1) You order David Rowlands to produce documents at the London offices of K&L Gates, One New Change, London, EC4M 9AF, in accordance with Schedule A attached to this Letter of Request.

(2) You order that the documentary evidence produced pursuant to your enforcement of this Letter of Request shall not be used by anyone in any manner or proceeding other than in this matter, *Copland, et al., v. TGS ASA, et al.*, Case No. 4:22-cv-03572 (S.D. Tex.), pending in the United States District Court for the Southern District of Texas.

The particular testimony sought in Schedule B is likewise relevant to the claims and defenses of the proceedings before this Court and may not be obtained except from Mr. Rowlands directly. Therefore, it will further the interests of justice if:

(1) You order David Rowlands to appear for a deposition and testify under oath at an agreeable date and time at the London offices of K&L Gates, One New Change, London, EC4M 9AF, concerning the topics specified in Schedule B attached to this Letter of Request.

**15. Request for notification of the time and place for the execution of the Request and identify and address of any person to be notified (Article 7)**

Please notify the following counsel regarding the time and place for the execution of the Request:

FORD O'BRIEN LANDY LLP

Matthew Aaron Ford
3700 Ranch Road 620 South
Suite B
Austin, TX 78738

Stephen R. Halpin III
275 Madison Avenue, 24th Floor
New York, New York 10016

Telephone: (212) 858-0040

8

Facsimile: (212) 256-1047

mford@fordobrien.com
shalpin@fordobrien.com
NORTON ROSE FULBRIGHT US LLP

Kevin W. Yankowsky
Melanie B. Rother
Darryl W. Anderson
1301 McKinney, Suite 1500
Houston, Texas 77010

Telephone: (713) 651-5151
Facsimile: (713) 651-5246

kevin.yankowsky@nortonrosefulbright.com
melanie.rother@nortonrosefulbright.com
darryl.anderson@nortonrosefulbright.com

**16. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)**

No attendance of judicial personnel is requested.

**17. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b)**

All claims of privilege or duty to refuse to give evidence shall be governed by Section 3 of the Evidence (Proceedings in other Jurisdictions) Act 1975.

**18. Fees and Costs**

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Plaintiffs, through their counsel of record: Ford O'Brien Landy LLP, 3700 Ranch Road 620 South, Suite B, Austin, TX 78738. Plaintiffs' payment of such fees and costs (if any) is without prejudice to their making a subsequent request to be reimbursed for these costs by other parties in this proceeding.

9

## CONCLUSION

In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance in the form of this Letter of Request to obtain the production of documents from David Rowlands as set forth in Schedule A and live testimony under oath from Mr. Rowlands as contemplated in Schedule B. This Court expresses its sincere willingness to provide similar assistance to the High Court of England and Wales if future circumstances should require.

**DATED:**   August 30, 2023

Kenneth M. Hoyt
United States District Judge

10