United States District Court
Southern District of Texas
**ENTERED**
August 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SARAH COPLAND, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-03572 |
| § | |
| TGS ASA, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Before the Court are the defendants', TGS ASA and TGS-NOPAC Geographical Co. ("TGS"), motion to dismiss under Federal Rules of Civil Procedures, Rule 12(b)(6) and 12(c), and based on *forum non conveniens* [DE 4]. Also, before the Court are the plaintiffs', Sarah Copeland, individually and on behalf of the Estate of Isaac Sidney Oelhlers, *et. al.*, response [DE 20] and TGS's reply [DE 21]. After a careful review of the arguments and law, the Court determines that TGS's Rule 12 motion to dismiss should be denied, TGS's *forum non conveniens* motion should also be denied.

**I.**

The plaintiffs assert that in August of 2020, a massive explosion occurred in the Port of Beirut, Lebanon, in close proximity to nearby homes that resulted in extensive property damages and the deaths of over 200 individuals as well as hundreds of injuries. According to the plaintiffs in 2020, the TGS's predecessor, Spectrum ASA, a former United Kingdom Company, chartered a vessel known to be loaded with "high-grade ammonium nitrate" ("M/V Rhosus") for the purpose

of transporting Spectrum's seismic-surveying equipment out of Beirut after completion of Spectrum's work engagement with the Lebanese-Energy Ministry, Gebran Bassil. Allegedly, the engagement was pursuant to a series of agreements between Spectrum and the Lebanese Energy Ministry.

The plaintiffs further plead that the M/V Rhosus, although destined for Mozambique, never left the Port. Moreover, the plaintiffs plead, the vessel was incapable of handling Spectrum's cargo because of the lack of space to load the seismic equipment and also due to the weight of the equipment. Nevertheless, after the Rhosus docked, it was inspected by Lebanese authorities, and found to be in violation of various international standards, local laws and the terms of Spectrum's contract with the Lebanese Energy Ministry. Hence, the vessel was impounded. The vessel never reached Mozambique with its cargo, FEM, the purported purchaser never claimed nor sought a refund for the cargo and Spectrum never moved its equipment using another carrier after the explosion.

According to the plaintiffs' pleadings, the enlistment of the M/V Rhosus was a ruse – a deception, engineered by Spectrum and Bassil, the Energy Minister for Bassil's political purposes as he was known to have connection to Hezbollah" a United States designated terrorist organization, and who systematically engaged in corruption in Lebanon's political system. Therefore, argues the plaintiffs, Spectrum participated in the ruse fully aware that the M/V Rhosus never intended to load and transport Spectrum's seismic-surveying equipment out of Beirut.

## II.

In its motion, TGS asserts that: (a) the plaintiffs' injuries are a result of the explosion in which TGS had no involvement; (b) efforts to tie TGS to the explosion fails as any, if any, liability rests with Spectrum and others; (c) there is no link between TGS and Spectrum save its post-hac

corporate affiliates with Spectrum; (d) there are no facts pled in support of the plaintiffs' "alter ego" assertion, merely conclusions; (e) there is no basis for a Texas strict liability claim, and no facts to support a claim that TGS violated Lebanese law. In the alternative, the case should be dismissed in lieu of better forums in either Lebanon or the United Kingdom where all parties can come within the jurisdiction of one of the two forums. Moreover, the private and public interests factors strongly favor dismissal.

### III.

The question for the Court in the face of a Rule 12 motions is not whether a plaintiff will prevail on the theories asserted in lawsuit, but whether a plaintiff "complaint contain[s] a short and plain statement of the claim(s) showing that the pleader is entitled to relief." Fed. R. Civ. Pro. Rule 8(a). In this circumstance, a court accepts as true the factual allegations and leave to the jury the question of proof. [cite]

In the case at bar, the plaintiffs assert that prior to the explosion, TGS "acquire[d] all assets, rights and liabilities of Spectrum. Further, the plaintiffs assert that Spectrum is "a shell entity that does not operate independently of TGS but was merged into a wholly owned subsidiary of TGS." Moreover, TGS "was formed for the purpose of facilitating TGS's acquisition of Spectrum," after which Spectrum "ceased to exist as a company and be listed on [the] Oslo Stock Exchange." Finally, the plaintiff asserts that the operational headquarters of TGS are in Houston, Texas, and its corporate headquarters are in Oslo, Norway – not Lebanon or the United Kingdom.

The plaintiffs' pleadings point to a circumstance where Spectrum conduct, prior to TGS's acquisition, was such that a jury could conclude that it was engaged in criminal conduct that far exceed common law negligence. Assuming that Spectrum played a key role in facilitating the docking of the Rhosus, knowing full well that the vessel was incapable of loading its cargo and

fully aware of the nature of the cargo, on board, a jury could find liability. Moreover, because Spectrum would be aware of the Lebanese laws that regulated caches of ammonium nitrate, particularly in relation to a residential area, it may have exposure. Hence, the plaintiff's pleadings sufficiently state causes of action against the defendants.

The Court also concludes that TGS's *forum non conveniens* basis for dismissal is also unavailing. The plaintiffs are United States citizens or relatives of United States citizens. Neither the plaintiffs nor the defendants are citizens of Lebanon or the United Kingdom. Equally, Oslo has no connection to the parties or events except serving as the headquarters for TGS. Finally, the plaintiffs have filed their suit in a forum that is convenient to TGS – its global operational headquarters are located in Houston, Texas. Hence, the majority of witnesses are citizens, residents of, or hold green cards, permitting their presence in the United States.

Therefore, it is ORDERED that both of TGS's motions to dismiss are DENIED in their entirety.

It is so ORDERED.

SIGNED on August 31, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge